**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**SHELLY MAE JOHNSON**                             **CIVIL ACTION NO.**

**VERSUS**

**22-498-BAJ-EWD**

**U.S. POSTAL SERVICE**

    Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on September 14, 2023.

                              **ERIN WILDER-DOOMES**
                              **UNITED STATES MAGISTRATE JUDGE**

Johnson Certified Mail Receipt No: 7020 0640 0001 4750 7382

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHELLY MAE JOHNSON**                          **CIVIL ACTION NO.**

**VERSUS**

                                                **22-498-BAJ-EWD**

**U.S. POSTAL SERVICE**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the form Complaint, filed by Shelly Mae Johnson ("Johnson"), who is proceeding without prepaying the filing fee ("IFP") and who is representing herself. Johnson names the U.S. Postal Service ("USPS") as the only defendant.[1] Because Johnson has raised similar claims before that were dismissed, and because her claims are clearly meritless under 28 U.S.C. § 1915(e)(2)(B), it is recommended that this matter be dismissed with prejudice on the Court's own motion.

**I.   BACKGROUND**

Johnson filed her Complaint in this suit on July 22, 2022.[2] In response to the form Complaint's instruction to "state the grounds for filing this case in federal court," the Complaint generally alleges that "they are lying [] doing illegal to my home."[3] In response to the Complaint's instruction for a statement of the claim, Johnson refers to the documents attached to the Complaint.[4] The three-page attachment is a letter directed to "Postmaster or Postal Inspector," which claims that unidentified "Postal Service Inspectors" ("inspectors") have caused damage to Johnson's property and utilities, including causing the sound and picture of her televisions to "cramp," her refrigerator to emit cold air, and her air conditioning pipes to make black mold, and have also tampered with her cameras and

---

[1] R. Doc. 1. Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) was denied without prejudice to re-urging her request on the long form application, which was mailed to her. R. Docs. 2 and 3. Johnson timely filed the long form application, which was granted, but service was withheld to evaluate Johnson's claims under 28 U.S.C. § 1915(e). R. Docs. 4 and 5.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 1.
[4] R. Doc. 1, p. 2.

doorbell.[5] Johnson also makes a vague statement that "the doctor for worker comp. and my Doctor has put in writing with their lab work[] that I was injured."[6] Based on these allegations, Johnson seeks relief in the form of: an "accept[ance] of truth" by an unidentified person; for the alleged illegal activity at her home to stop; for payment of the cost of equipment that the unidentified inspectors have damaged; and for re-payment of the sums Johnson has paid as a result of the inspectors' illegal activities.[7]

## II.  LAW AND ANALYSIS

### A.  Legal Standard

District courts must liberally construe complaints filed by plaintiffs representing themselves.[8] Still, when a plaintiff is proceeding IFP, her complaint may be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[9] An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact.[10] A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are irrational or completely incredible.[11] Further, "[a] complaint asserting prescribed claims is properly

---

[5] R. Doc. 1-1. The inspectors are alleged to be "white boys," who are potentially working with Johnson's neighbors. *Id.* at p. 2. The attachments contain threats by Johnson to kill the individuals she believes are entering her home. *Id.* at pp. 2-3.
[6] R. Doc. 1-1, p. 2.
[7] R. Doc. 1-1. The Complaint alleges that Johnson has retained plumbers and air conditioning repairmen to repair/clean "this mess up," and they charge $300 to $400. *Id.* at p. 3.
[8] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, '*pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.' *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).").
[9] 28 U.S.C. § 1915(e)(2)(B).
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).
[11] *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible").

dismissed as frivolous."[12]  Similarly, repeated allegations of virtually the same cause of action is also subject to dismissal as malicious.[13]  It is proper to dismiss an action on the basis that it is malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.[14]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[15] When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[16] Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[17]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.[20] However, a court should deny leave to submit futile amendments that are "insufficient to state a claim."[21]  In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility.[22]

---

[12] *Smith v. Orleans Par. Prison*, No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008), citing *Brown v. Pool*, 79 Fed. Appx. 15, 17 (5th Cir. 2003)).
[13] *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (*per curiam*). *See also Milton v. Gusman,* No. 10-3309, 2010 WL 5376459, at *1 (E.D. La. Oct. 6, 2010), report and recommendation adopted, No. 10-3309, 2010 WL 5376117 (E.D. La. Dec. 20, 2010) ("It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.").
[14] *See Roberson v. Breen*, 444 Fed.Appx. 841, 842 (5th Cir. 2011).
[15] *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[16] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).
[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570).
[19] *Id.*
[20] *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Plaintiffs are generally given one chance to amend before dismissal unless "it is clear that the defects are incurable").
[21] *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).
[22] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

3

### B. The Claims in Johnson's Nearly Identical February 2020 Complaint Were Dismissed For Lack of Subject Matter Jurisdiction, as Prescribed, and as Failing to State a Claim

On February 7, 2020, Johnson filed a Complaint in this Court, alleging essentially the same claims against the same defendant, USPS, including the same allegation that: "they are doing illegal things to my home & vehicle," as well references to alleged tampering to her home, utilities, and appliances by unidentified persons.[23] Like she pleaded in this case, Johnson also vaguely alluded to a work-related injury, but in the 2020 case, she specifically prayed for monetary damages she believed were owed to her because of an unspecified disability.[24]

Johnson was also permitted to proceed IFP in the 2020 proceeding.[25] On September 9, 2020, a hearing was held pursuant to *Spears v. McCotter* to determine whether all or any part of that proceeding should be dismissed as frivolous.[26] Johnson personally appeared at the hearing and provided testimony regarding her claims and documents for the Court's review.[27] She clarified that she was a retired, previously employed by USPS for 25 years, against whom she was asserting a claim wage claim that was approximately 22 years old. She also confirmed that she was asserting tort claims against the USPS arising out of the actions of unidentified postal service inspectors for interfering with her property that began after her work-related injury in 1998.[28] Following the hearing, it was recommended that Johnson's wage and benefit claim be dismissed with prejudice for lack of jurisdiction because her only remedy was governed by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, within the exclusive jurisdiction of the United States Secretary of Labor.[29] Alternatively, if the claim arose under state law, dismissal was recommended because the

---

[23] *Shelly M. Johnson v. U.S. Postal Services*, No. 20-74 (M.D. La. Feb. 7, 2020), R. Doc. 1 at p. 1.
[24] *Compare* No. 22-498, R. Doc. 1-1, p. 2 *with* No. 20-74, R. Doc. 1-1, pp. 1-2.
[25] No. 20-74, R. Doc. 16.
[26] 766 F.2d 179 (5th Cir. 1985) and No. 20-74, R. Doc. 14.
[27] No. 20-74, R. Docs. 14 and 15.
[28] No. 20-74, R. Doc. 17, pp. 4-5.
[29] No. 20-74, R. Doc. 17, pp. 5-6, citing, *e.g., Montana v. Donahoe*, No. 10-212, 2011 WL 3862213, *4 (W.D. Tex. Sept. 1, 2011) ("FECA provides compensation for personal injuries that a federal employee 'sustained while in the performance of his duty.' 5 U.S.C. § 8102(a).") (other citations omitted).

4

claim was prescribed under the one-year prescriptive period provided for in Louisiana's Worker's Compensation Act, La. R.S. § 23:1209.[30] It was recommended that Johnson's tort claims be dismissed without prejudice because the claims against the inspectors occurring more than two years before the filing of suit were prescribed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*,[31] and those against anyone else occurring more than one year before the filing of suit were prescribed under Louisiana law.[32] Those claims potentially falling within one year of the filing of suit or otherwise not prescribed failed to allege sufficient facts to state a claim, such as the identity any of the inspectors who allegedly caused Johnson harm.[33] Additionally, the Report found that many of Johnson's allegations, such as that the inspectors were causing "signals" to shoot at her car and controlling the "sun satellite" to move in different directions, were factually frivolous.[34] Finally, it was recommended that giving Johnson leave to amend would be futile because Johnson had been given the opportunity to allege additional facts in support of a valid claim but was unable to do so.[35] The Report and Recommendation was adopted in its entirety, dismissing Johnson's claims.[36]

---

[30] No. 20-74, R. Doc. 17, pp. 4-7, 10, citing in part La. R.S. § 23:1209A.(1) ("In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.")

[31] "Through the Federal Tort Claims Act ("FTCA"), the United States has partially waived its immunity from liability for money damages caused by the negligence of federal employees acting within the scope of their employment." *Brashear v. U.S. Postal Serv.*, No. 08-3633, 2009 WL 1158814, at *1 (E.D. La. Apr. 28, 2009) and *see* 28 U.S.C. § 2401(b) (two year statute of limitations for claims against the United States).

[32] Johnson's claims alleging negligent tortious acts by inspectors during their employment were prescribed by operation of the two-year limitations period in the FTCA and claims alleging intentional acts and those by non-federal employees occurring one year before the filing of suit were prescribed by operation of Louisiana's one-year prescriptive period for delictual actions. La. Civ. Code 3492. No. 20-74, R. Doc. 17, pp. 7-9. The record also did not reflect that Johnson exhausted her administrative remedies under the FTCA. *Id.* at p. 8 and *see* 28 U.S.C. § 2675(a), which provides: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

[33] No. 20-74, R. Doc. 17, pp. 9-11.

[34] No. 20-74, R. Doc. 17, p. 10.

[35] *Id.* The Report noted that the Court could not provide relief for any criminal complaints, to the extent Johnson alleged criminal conduct. *Id.* at p. 9.

[36] R. Doc. 18. Judgment was entered on February 24, 2021. R. Doc. 19.

5

### C. Johnson's Current Claims Should Be Dismissed Because They Are Malicious and on the Same Grounds Supporting Dismissal of Her Prior Complaint

It is not clear if Johnson is re-urging a wage and/or benefit claim, but to the extent she again references being injured in her current Complaint, any such claim should be dismissed under § 1915 as malicious and for the same reasons supporting dismissal before, which is that jurisdiction over wage and medical benefit claims lies exclusively under the FECA. Alternatively, that claim is prescribed, as Johnson testified previously before this Court that her claim for wages/benefits arose in 1998.[37]

Likewise, Johnson's current tort claims against the unidentified inspectors are repetitive of the ones she raised two years ago because they involve the same claims of tampering with her property and utilities, and as such they should be dismissed under § 1915 as malicious.[38] They are also subject to dismissal for the same reasons assigned by the Court in the prior suit. Specifically, any claims against the inspectors arises under the FTCA. As such, her tort claims occurring more than two years from the filing of suit are prescribed, and the record does not reflect that Johnson satisfied the necessary prerequisites under the FTCA prior to filing suit.[39] Any claims against non-federal employees occurring more than one year from the filing of suit are prescribed under Louisiana law. Any remaining claims, *i.e.*, those against inspectors occurring within two years of suit or those against anyone else within one year of suit, still fail because the current Complaint, like Plaintiff's prior Complaint, fails to allege any details to validly state a claim to relief. Johnson has not alleged the identities of any of the inspectors who caused her harm, nor alleged how or when her property was allegedly damaged, and her claims continue to be frivolous, including that the inspectors are causing her "televisions to cramp," her refrigerator to emit cold air, and her pipes to make black mold. For

---

[37] No. 20-74, R. Doc. 17, p. 5.
[38] *See Milton,* 2010 WL 5376459, at *1.
[39] *See Brashear,* 2009 WL 1158814 at *2 ("The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA.").

all these reasons, dismissal is appropriate under § 1915.[40] Additionally, dismissal should be with prejudice because "[w]hen declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more."[41] Here, Johnson has had more than one attempt to adequately state her claims arising out of the allegations in the Complaint, including a *Spears* hearing in another division of this Court. Furthermore, due to the amount of judicial resources expended on these successive Complaints, Johnson should be required to seek permission from a judge of this court before filing any further Complaints that similarly allege (1) the same prescribed claims and claims over which this Court does not have subject matter jurisdiction, and (2) the same circumstances lacking adequate facts, which fail to state a claim.[42]

Finally, Johnson should not be given leave to amend, which would be futile, as Johnson was previously given the opportunity to provide additional facts to support a valid claim based on similar allegations but was not able to do so.[43]

## III. RECOMMENDATION

Johnson has filed a second Complaint against the same defendant raising the same vague allegations of property and utility damage against unidentified postal inspectors, and possibly a

---

[40] *See, e.g., Foreman v. United States Marshal's Serv.,* No. 23-0817, 2023 WL 3876493, at *12 (E.D. La. May 15, 2023), report and recommendation adopted, No. 23-817, 2023 WL 3866862 (E.D. La. June 7, 2023) (recommending dismissal with prejudice pursuant to 28 U.S.C. § 1915(e) and § 1915A of claims, many of which were asserted in a prior proceeding, as malicious, frivolous, and otherwise for failure to state a claim for which relief can be granted); *Mouton v. Louisiana*, No. 12-0236-FJP, 2012 WL 6097077, at *3 (M.D. La. Oct. 30, 2012), report and recommendation adopted, No. 12-236-FJP, 2012 WL 6099526 (M.D. La. Dec. 7, 2012) (recommending dismissal with prejudice pursuant to 28 U.S.C. § 1915e of claims that were legally frivolous and for failure to state a claim upon which relief may be granted).

[41] *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). In *Pittman,* the IFP plaintiff re-asserted claims that he raised in a prior suit that was still pending. While that is not the posture of this case, as Plaintiff's prior proceeding has been dismissed, a finding that claims are maliciously raised does not require that the suit in which the claims were first raised still be pending, so the reasoning of *Pittman* applies. *See Willis v. Bates,* 78 Fed. Appx. 929, 930 (5th Cir. 2003) ("The prior lawsuit need not be pending for the second lawsuit to be duplicative and thus malicious. A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit. *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988).").

[42] It appears that Johnson has already filed yet another case in this district alleging similar claims. *See Shelly Johnson v. US Postal Service,* No. 23-749 (M.D. La.).

[43] *See, e.g., Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003) (affirming denial of third amended complaint with prejudice, and holding; "In *Jacquez v. Procunier,* this Court held that 'at some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.'").

prescribed wage claim. This Court does not have jurisdiction over any purported wage and benefit claim. The remaining tort claims are either prescribed under the FTCA or Louisiana law or are frivolous and malicious under § 1915. Johnson should not be given leave to amend, as she has already had an opportunity to try to plead her best case based on the facts alleged.

Accordingly:

**IT IS RECOMMENDED** that the Complaint of Plaintiff Shelly Mae Johnson[44] be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to obtain permission from a judge of this Court before filing any further Complaints that similarly allege (1) the same prescribed claims and claims over which this Court does not have subject matter jurisdiction, or (2) the same claims without enough factual support to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Shelly Mae Johnson via regular and certified mail, return receipt requested at her address listed on PACER.

Signed in Baton Rouge, Louisiana, on September 14, 2023.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[44] R. Doc. 1.